IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COLLEEN I. KENNEDY, M.D., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:09-CV-1630-M |
| § | |
| WLS SURGICAL ASSOCIATES, P.A., § | |
| GENERAL AND ONCOLOGY SURGICAL § | |
| ASSOCIATES, P.A., and ONCOLOGY § | |
| SURGICAL ASSOCIATES 401(K) PROFIT § | |
| SHARING PLAN AND TRUST, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a Motion to Dismiss Plaintiff's ERISA claims for failure to exhaust administrative remedies, and a Motion to Dismiss Plaintiff's state law claims for lack of subject matter jurisdiction [Docket Entry #9] filed by Defendants WLS Surgical Associates, P.A. ("WLS"), General and Oncology Surgical Associates, P.A. ("GOSA"), and Oncology Surgical Associates 401(k) Profit Sharing Plan and Trust (the "401(k)").  For the reasons explained below, the Motion to Dismiss for failure to exhaust is **DENIED**, but the Motion to Dismiss for lack of subject matter jurisdiction, which seeks dismissal of the state law claims, is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

Defendants WLS and GOSA are partnerships that provide various surgical and surgery-related services.  On April 6, 2007, Plaintiff Colleen I. Kennedy, a general surgeon, entered into an independent contracting agreement (the "WLS Agreement") with WLS to provide surgical services and related medical treatment.  On that same date, Kennedy entered into a Physician

Employment Agreement with GOSA (the "GOSA Agreement"), agreeing to render medical services as an employee of GOSA for an initial term of twenty-eight months beginning September 1, 2007. By letters dated July 1, 2009, Kennedy advised WLS and GOSA that she would not be renewing her employment under the WLS Agreement and the GOSA Agreement when each agreement's current term expired on December 31, 2009.

The GOSA Agreement requires GOSA to pay Kennedy both a base salary and incentive compensation based on the receipts she generated. The WLS Agreement requires WLS to disburse payments to Kennedy in accordance with a compensation schedule set out in the GOSA Agreement.

A 401(k) plan was adopted by GOSA for the benefit of its employees. The 401(k) is an "employee benefit plan" as defined in ERISA Section 3(3), and is thus subject to Title I of ERISA pursuant to ERISA Section 4(a).[1] In addition to being the adopting employer, GOSA is also the Plan Administrator for the 401(k).[2] Employees become eligible to participate in the 401(k) on the next entry date after being employed for one year. Kennedy completed one year of employment with GOSA on August 31, 2008, and became eligible to participate in the 401(k) on September 1, 2008. At the time Kennedy became eligible to participate, and continuing until July 1, 2009, GOSA was matching a certain percentage of its employees' contributions to the 401(k).

Kennedy filed suit on September 1, 2009, alleging that Defendants GOSA and the 401(k) failed to comply with the terms of the 401(k) and with the provisions of ERISA by not allowing her to participate in the 401(k) when she became eligible, and by not providing matching contributions. Kennedy seeks specific performance of those rights. Kennedy also asserts under

---

[1] *See* 29 U.S.C. §§ 1002, 1003; Defendants' Motion at 2.
[2] *See* Kennedy's Response, App. at 34, 39.

the Court's supplemental jurisdiction state law claims related to her two employment contracts with Defendants WLS and GOSA.  She first asserts a state law claim for breach of these contracts for "failure to properly calculate net receipts and net collections" for the purpose of paying her incentive compensation.  She also seeks an accounting of the billings, receipts and expenses of WLS and GOSA to establish the amount of the breach.  Finally, Kennedy seeks a declaratory judgment that the non-compete covenants in the WLS Agreement and GOSA Agreement are unenforceable under Texas law.

## ANALYSIS

I.      ERISA Claims

While failure to exhaust administrative remedies does not strip the Court of subject matter jurisdiction over Kennedy's ERISA claims, exhaustion of administrative remedies is a prerequisite to an ERISA action in federal court.[3]  Failure to submit a claim is normally a failure to exhaust administrative remedies.[4]  According to Defendants, Kennedy failed to exhaust her administrative remedies because she never submitted a claim within the meaning of the GOSA 401(k).  In response, Kennedy argues that she did submit a claim, and that the Plan's failure to timely respond constituted an exhaustion of the administrative remedies available under the plan.[5]

ERISA requires that employee benefit plans like the 401(k) provide reasonable procedures for administrative relief of employee claims.  In its Summary Plan Description (the

---

[3] *See Swanson v. Hearst Corp.*, 586 F.3d 1016, 1018 (5th Cir. 2009) (citing *Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000)); *Galvan v. SBC Pension Benefit Plan*, 204 F. App'x 335, 338 (5th Cir. 2006) (identifying as error the district court's ruling that "failure to exhaust administrative remedies under ERISA causes a court to lose jurisdiction" (citation omitted)).
[4] *See, e.g., Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993).
[5] *See* 29 C.F.R. § 2560.503-1(l) ("In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

"Summary"), the Plan states that a participant "may claim a benefit to which you think you are entitled by filing a written request with the Plan Administrator. The claim must set forth the reasons you believe you are eligible to receive benefits and authorize the Plan Administrator to conduct such examinations and take such steps as may be necessary to evaluate the claim."[6] The Summary commits GOSA to providing a written response to a claim within ninety days.[7]

Kennedy asserts that her January 26, 2009 email to Dr. Kuhn, the president and sole owner of GOSA, constitutes a "claim" such that GOSA's failure to respond within ninety days excused her from pursuing any further administrative remedies.[8] The relevant section of Kennedy's email, titled "beginning of the year," states:

> 401 k – I was supposed to start with a 401k after 1 year of employment – Well that mark was hit 4 months ago – I mentioned I wish to start my 401 to Tameka about 4-6 weeks ago and haven't received a response – Bringing this up now b/c we have until April to contribute for last tax year.[9]

This email communication sets forth the reason why Kennedy believes she is eligible to participate in the 401(k). Kenendy's failure to explicitly authorize the Plan Administrator to conduct examinations and evaluate the claim does not disqualify the email from constituting a "claim." Additionally, Defendants' argument that Kennedy should have addressed the claim to a different person at GOSA is not persuasive. Dr. Kuhn is an appropriate person to whom a claim may be addressed. The Court finds that the January 25, 2009 email was sufficient to put GOSA on notice that Kennedy was claiming benefits under the 401(k), and that it constitutes a "claim."[10]

---

[6] *See* Defendants' Response, App. Ex D. at 14.
[7] *See id.* at 15.
[8] *See* Kennedy's Response at 5-8.
[9] *See* Kennedy's Response, App. at 31. According to Kennedy, "Tameka" is an Office Manager (though it is not clear whether she is employed by GOSA or by WLS). *See* Kennedy's Response at 6 n.4.
[10] *See, e.g., Estate of Hale v. Prudential Ins. Co. of Am.*, 597 F. Supp. 2d 174, 181-82 (D. Mass. 2008) (holding that claimant's failure to follow instructions on a life insurance claim form, specifically failure to complete the "Accidental Death" section, did not negate the form's status as an accidental death claim).

GOSA is required under the terms of the Summary to respond to a claim within ninety days. Because it did not do so, Kennedy is deemed to have exhausted her administrative remedies, and her suit is properly in federal court.[11]

Defendants' Motion to Dismiss Kennedy's ERISA claims for failure to exhaust administrative remedies is therefore DENIED.

II.     State Law Claims

This Court may exercise supplemental jurisdiction over Kennedy's state law claims pursuant to 28 U.S.C. § 1367(a) if those claims are so related to the ERISA claims that they form part of the same case or controversy. In determining whether to retain jurisdiction over the state law claims, the Court considers the factors of judicial economy, convenience, fairness, and comity.[12]

The Court finds that these principles weigh in favor of declining to exercise supplemental jurisdiction over Kennedy's pendent state law claims because those claims are entirely unrelated to the ERISA claims. The GOSA 401(k) plan documents are separate and distinct from Kennedy's employment contracts with WLS and GOSA, which form the basis for her state law claims. Defendants' Motion to Dismiss Kennedy's state law claims is GRANTED, but not because the Court lacks jurisdiction to consider them as supplemental claims; rather, it chooses not to exercise such jurisdiction.

---

[11] *See* 29 C.F.R. § 2560.503-1(l).
[12] *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for failure to exhaust administrative remedies is **DENIED** and the Motion to Dismiss the state law claims is **GRANTED**.

**SO ORDERED.**

January 5, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS